UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL'S MANOR, L.L.C. and SHEILA ELAINE SHURTLIFF, <br><br> Defendants. | Case No. 4:12-cv-00645-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is the Plaintiff's Motion to Strike Affirmative Defenses made pursuant to Federal Rule of Civil Procedure 12(f). (Dkt. 8). The motion at issue is fully briefed. For the reasons explained below, the Court will grant the motion to strike.

## ANALYSIS

Intermountain seeks to dismiss all of Michael Manor's affirmative defenses on the grounds that they fail to contain the required specificity under the *Twombly* and *Iqbal* pleading standard. Currently, there is a question in the federal district courts determining whether *Twombly* and *Iqbal* apply to affirmative defenses. The parties and the Court

were unable to find any Ninth Circuit authority on the issue, though many District Courts within the Ninth Circuit have addressed the issue. *See PageMelding, Inc. v. ESPN, INC.*, 2012 WL 3877686 (N.D.Cal. Sept. 6, 2012). Though the current case law may be shifting, the Court will continue to follow the standards that have been applied in the Ninth Circuit.

The Court need not decide here whether *Twombly* and *Iqbal* apply to Michael Manor's affirmative defenses because they clearly fail to satisfy the lesser standard set prior to these cases. Under the Ninth Circuit notice standard, an affirmative defense is insufficiently pled where it fails to provide the plaintiff with "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id.* The "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Smith v. North Star Charter School, Inc.*, 2011 WL 3205280 (D. Idaho 2011).

The full text of Michael Manor's affirmative defenses is contained in the Answer. *Answer* ¶ 7-8, Dkt 6. It is apparent that the First, Second, Third, Fourth, Fifth, Six, Seventh, Ninth, and Tenth Affirmative Defenses stated by Michael's Manor contain no detail, and leave Intermountain to assume the basis for each defense.  Intermountain is entitled to an explanation of these defenses that include specific allegations. The Court will give Michael's Manor the opportunity to redraft the affirmative defenses. Therefore, The Court will conditionally grant Intermountain's Motion to Strike, giving Michael's

Manor 21 days to amend the First, Second, Third, Fourth, Fifth, Six, Seventh, Ninth, and Tenth Affirmative Defenses to provide the requisite detail.  If no amendment is made, the Court will strike the affirmative defenses stated in the answer.

Michael Manor's Eighth Affirmative Defense—alleging that Intermountain's claim fails to state a claim for relief "that would entitle Plaintiff to either punitive damages or equitable relief"—is not a proper affirmative defense. *Answer* ¶ 8, Dkt. 6. Affirmative defenses are meant to plead matters that are not within the scope of the plaintiff's prima facie case. *Barnes v. AT & T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1174 (N. D. Cal. 2010). An allegation for failure to states a claim is not an affirmative defense because it shows a defect in the plaintiff's prima facie case. *See id.* Accordingly, the Court will strike Michael Manor's Eighth Affirmative Defense because it is merely an assertion that Intermountain failed to state a claim for which relief can be granted.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 8) is **GRANTED** in part and **GRANTED CONDITIONALLY** in part.  It is granted to the extent it seeks to strike Michael Manor's Eighth Affirmative Defense alleging that Intermountain failed to state a claim.  It is granted conditionally at to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth and Tenth Affirmative Defenses.  More detailed allegations for these affirmative defenses must be filed within 21 days from the entry of this decision or the affirmative defenses will be stricken.



DATED: July 29, 2013

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 4**