UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| MICHAEL'S MANOR, L.L.C. and SHEILA ELAINE SHURTLIFF, | ) ) ) ) |
| Defendants. | ) ) |

CASE NO. 4:12-cv-00645-BLW

CONSENT ORDER

## I. INTRODUCTION

**A. Background**

1. This Consent Order is entered between the Plaintiff Intermountain Fair Housing Council, Inc. and the Defendants Michael's Manor, L.L.C. and Sheila Elaine Shurtliff.

2. The real property that is the subject of this action is the Michael's Manor Apartments, a multifamily apartment complex located at 730 Swisher Road, Pocatello, Idaho 83204 (hereinafter "the Subject Property").

3. This action is brought by the Plaintiff for declaratory judgment, permanent injunctive relief and damages on the following bases: Count One—Discrimination on the Basis of "Handicap" in Violation of the Fair Housing Act (hereinafter "FHA") and its Implementing Regulations; and Count Two—Negligence.

CONSENT ORDER          1

**B. Parties**

1. The Plaintiff is a private nonprofit organization organized under the laws of the State of Idaho with its principal place of business at 5460 W. Franklin Road, Suite M, Boise, Idaho 83705.  Its mission is to advance equal access to housing for all persons without regard to race, color, sex, religion, national origin, familial status, or disability, and to increase the pool of accessible housing available to the disabled.  The Plaintiff serves persons with disabilities through, among other things, education on the fair housing laws, assistance with complaints, and referrals to accessible properties.  The Plaintiff also provides education and outreach on fair housing laws and practices to housing consumers, housing providers, builders, architects, and others.

2. The Defendants are the owners and operators of the Subject Property, and their principal place of business is 727 Moran Street, Chubbuck, Idaho 83202-1743.

**C. Applicable Legal Requirements**

1. The relevant portions of the FHA prohibit the following:

   a. Discrimination in the sale or rental, or otherwise made unavailable, a dwelling because of "handicap", 42 U.S.C. §3604(f)(1);

   b. Discriminatory terms, conditions or privileges in the sale or rental of a dwelling because of "handicap", 42 U.S.C. §3604(f)(2);

   c. Refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, 42 U.S.C. §3604(f)(3)(B);

      d. Making, printing or publishing a notice or statement with respect to the sale or rental of a dwelling that indicates a preference, limitation or discrimination based on "handicap", 42 U.S.C. §3604(c); and

      e. Interference, coercion or intimidation, 42 U.S.C. §3617.

  2. The prohibition on negligent actions requires individuals to use reasonable care to avoid injury and to prevent unreasonable, foreseeable risks of harm to others.

  **D. Consent of the Parties to Entry of this Order**

  1. The parties to this proceeding agree that this Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. §3613 and 28 U.S.C. §§1331, 1337, 1343 and 2201. The parties further agree that this controversy should be resolved without further proceedings and without an evidentiary hearing.

  2. The Defendants deny that they have violated the law, and this Consent Order does not constitute any admission of liability on the part of the Defendants.

  3. As indicated by the signatures appearing below, the parties hereto agree to entry of this Consent Order.

  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

  **A. Monetary Damages.** The Defendants will pay within ninety (90) days of the entry of a settlement agreement in this proceeding the total sum of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00) in monetary damages as follows:

      1. The sum of TWENTY THOUSAND AND NO/100 DOLLARS ($20,000.00) to the Plaintiff Intermountain Fair Housing Council, Inc.; and

      2. The sum of FIVE THOUSAND AND NO/100 DOLLARS ($5,000.00) to Linda Hope.

**B. Fair Housing Education.** The Defendants and their property management agents shall complete one in-person or video training course regarding the requirements of the FHA and its implementing regulations in the Pocatello/Idaho Falls, Idaho area during each of the years 2013, 2014 and 2015. Said training courses shall be pre-approved by the Plaintiff and shall each consist of no less than two hours of training time.

**C. Change of Policy.** The Defendants shall operate in a non-negligent manner and in compliance with the requirements of the FHA and its implementing regulations, including but not limited to allowing tenants and applicants to have service/support animals as reasonable accommodations pursuant to the FHA. In the event that a party seeks to enforce this provision, the Court will require a showing that the alleged violation is somehow connected to this proceeding.

**D. Withdrawal of Administrative Complaints.** The Plaintiff and Linda Hope shall promptly withdraw and not pursue any and all administrative complaints that may be pending with the United States Department of Housing and Urban Development ("HUD") regarding the facts and incidents at issue in this proceeding.

**E. Duration of Order and Termination of Legal Action.**

    1. This Consent Order shall remain in effect for thirty-six (36) months after the date of its entry.

    2. The complaint filed in this proceeding is dismissed with prejudice. The Court, however, shall retain jurisdiction for the term of this Consent Order to enforce the terms of this Order.

**F. Attorney's Fees and Costs.** Each party hereto shall bear its own attorney's fees and costs associated with this action. However, any party hereto may seek judicial enforcement of

this Consent Order. Should any party initiate litigation to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees and costs incurred in such action.

Dated: **November 20, 2013**

B. Lynn Winmill
Chief District Judge
United States District Court

CONSENT ORDER 5

AGREED TO BY THE PARTIES AND THEIR ATTORNEYS, AS INDICATED BY THE SIGNATURES APPEARING BELOW:

INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.:

By: _____
Zoe Ann Olson
Executive Director, Intermountain Fair Housing Council, Inc.
Plaintiff

_____
KEN NAGY
Attorney for Plaintiff

MICHAEL'S MANOR, L.L.C.:

By: _____
Sheila Elaine Shurtliff
Defendant

_____
SHEILA ELAINE SHURTLIFF
Defendant

_____
NORMAN G. REECE
Attorney for Defendant

CONSENT ORDER                 6

AGREED TO BY THE PARTIES AND THEIR ATTORNEYS, AS INDICATED BY THE SIGNATURES APPEARING BELOW:

INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.:

By: _____
Zoe Ann Olson
Executive Director, Intermountain Fair Housing Council, Inc.
Plaintiff


_____
KEN NAGY
Attorney for Plaintiff


MICHAEL'S MANOR, L.L.C.:

By: *Sheila Elaine Shurtliff*
Sheila Elaine Shurtliff
Defendant

*Sheila Elaine Shurtliff*
SHEILA ELAINE SHURTLIFF
Defendant

*Norman A. Reece, Jr.*
NORMAN G. REECE
Attorney for Defendant


CONSENT ORDER                    6